IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| YVONNE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. _____ |
| 6949 SWEETWATER ROAD, LLC | ) | |
| and PIZZA HUT OF AMERICA, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

COMES NOW, YVONNE BROWN, by and through the undersigned counsel, and files this, her Complaint against Defendants 6949 SWEETWATER ROAD, LLC and PIZZA HUT OF AMERICA, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## **JURISDICTION AND VENUE**

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and

1

violations of Title III of the ADA.

2.      Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.      Plaintiff YVONNE BROWN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Douglasville, Georgia (Douglas County).

4.      Plaintiff suffers from Epilepsy, Multiple Sclerosis ("MS") and has suffered multiple injuries resulting in irreversible damage to her legs, and is disabled as defined by the ADA.

5.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6.      Plaintiff uses a wheelchair for mobility purposes.

7.      Defendant 6949 SWEETWATER ROAD, LLC (hereinafter "Sweetwater") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

8.      Sweetwater may be properly served with process via its registered agent for service, to wit: Collis J. Spivey, 985 White Road, Austell, Georgia,

30168.

9.      Defendant PIZZA HUT OF AMERICA, LLC (hereinafter "Pizza Hut") is a Delaware limited liability company that transacts business in the state of Georgia and within this judicial district.

10.      Pizza Hut may be properly served with process via its registered agent for service, to wit: C T Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

## FACTUAL ALLEGATIONS

11.      On or about November 29, 2020, Plaintiff was a customer at "Taqueria Don Claudio," a business located at 6945 S. Sweetwater Road, Lithia Springs, Georgia 30122.

12.      Sweetwater is the owner (or co-owner) of the real property and improvements that are the subject of this action. (The structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

13.      Pizza Hut is a lessee (or sub-lessee) of a portion of the Facility, to wit: 6951 S. Sweetwater Road, Lithia Springs, Georgia 30122.

14.      Plaintiff lives approximately nine (9) miles from the Facility and Property.

15.     Plaintiff's access to the business(es) located at 6945 S. Sweetwater Road, Lithia Springs, Georgia 30122 (Douglas County Property Appraiser's parcel number 04711820014), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

16.     Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once the Facility and Property are made accessible.

17.     Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

18.     Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to her access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

20.     The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

21.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

22.     The Facility is a public accommodation and service establishment.

23.     The Property is a public accommodation and service establishment.

24.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

25.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

26.     Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

27.     The Facility must be, but is not, in compliance with the ADA and ADAAG.

28.     The Property must be, but is not, in compliance with the ADA and ADAAG.

29.      Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, and as an advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30.     Plaintiff intends to visit the Facility and Property again in the very near future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so

because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.    Defendants have each discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

32.    Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

33.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal

7

enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

(i)     The Property lacks an accessible route from the public sidewalk to the accessible entrance(s) of the Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

(ii)    Accessible parking spaces are not properly located or distributed on the Property, in violation of section 208.3 of the 2010 ADAAG standards.

(iii)   The accessible parking space on the Property and its adjacent access aisle each have a slope and cross-slope in excess of 1:48 (one to forty-eight), and are not level, in violation of section 502.4 of the 2010 ADAAG standards.

(iv)    The access aisle adjacent to the accessible parking space on the Property has broken pavement and excessive vertical rises within its boundaries, in violation of section 502.4 of the 2010 ADAAG standards.

(v)     The access aisle adjacent to the accessible parking space on the Property is also not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4

of the 2010 ADAAG standards.

(vi)    The above-described ramp servicing the Property lacks finished edges (or edge protection), in violation of section 405.9 of the 2010 ADAAG standards.

(vii)   Upon information and good faith belief, Pizza Hut has a discriminatory policy permitting its delivery drivers to park their vehicles in the above-described access aisle. This has resulted in the surface of the accessible ramp being covered with a layer of motor oil, and is not stable or slip resistant, in violation of section 405.4 of the 2010 ADAAG standards. Further, when such vehicles are parked in said access aisle, neither the access aisle or the ramp can be used, as was the case for Plaintiff, in violation of sections 206.2.1 and 403.5.1 of the 2010 ADAAG standards. In the alternative, Pizza Hut does not have a non-discriminatory policy or procedure to prevent such practices.

(viii)  The Property has not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by

9

persons with disabilities in violation of section 28 C.F.R. §
36.211.

(ix)   Upon information and good faith belief, Defendants each fail to
adhere to a policy, practice and procedure to ensure that all
facilities on the Property are readily accessible to and usable by
disabled individuals.

34.   Without limitation, the above-described violations of the ADAAG
made it more difficult for Plaintiff to locate and utilize a disabled accessible
parking space on the Property, more difficult and dangerous for Plaintiff to exit
and re-enter her vehicle while on the Property, and more difficult and dangerous
for Plaintiff to gain access to the Facility.

35.   The violations enumerated above may not be a complete list of the
barriers, conditions or violations encountered by Plaintiff and/or which exist at the
Facility and Property.

36.   Plaintiff requires an inspection of Facility and Property in order to
determine all of the discriminatory conditions present at the Facility and Property
in violation of the ADA.

37.   The removal of the physical barriers, dangerous conditions and ADA
violations alleged herein is readily achievable and can be accomplished and carried

out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.     All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

39.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

41.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

42.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to eliminate their discriminatory practices and procedures, and to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged

herein.

43.     Plaintiff's requested relief serves the public interest.

44.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

45.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

46.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Sweetwater in violation of the ADA and ADAAG as to all violations of the ADA asserted herein that are under its possession and control;

(b)     That the Court find Pizza Hut in violation of the ADA and ADAAG as to all violations of the ADA asserted herein that are under its possession and control;

(c)     That the Court issue a permanent injunction enjoining Defendants from continuing its discriminatory practices;

(d)     That the Court issue an Order requiring Defendants to (i) eliminate

discriminatory practices, procedures and policies, (ii) remove the physical barriers to access of the Facility and Property, and (iii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(e)   That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(f)   That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: December 11, 2020.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule

13

5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich